# EXHIBIT A

## SETTLEMENT AGREEMENT

1.    This Settlement Agreement is between Retina Associates Medical Group, Inc. (**"Plaintiff"** as defined in paragraph 10.23), on behalf of itself and the class it represents (**"Class"** as defined in paragraph 10.7 below), and Keeler Instruments, Inc. (**"Defendant"** as defined in paragraph 10.37 below).

## RECITALS

2.    WHEREAS, on August 3, 2018, Plaintiff filed a complaint in the United States District Court for the Central District of California, captioned *Retina Associates Medical Group, Inc. v. Keeler Instruments, Inc.*, Case No. 8:18-cv-01358-CJC-DFM (**"Action"** as defined in paragraph 10.1 below);

3.    WHEREAS, Plaintiff asserted a claim on behalf of itself and a similarly situated class, alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (**"TCPA"** as defined in paragraph 10.39 below), and in response Defendant denied the material allegations of Plaintiff's complaint, including but not limited to, the allegations that it violated the TCPA;

4.    WHEREAS, Defendant denies the material allegations in the Action and contests all liability as to claim alleged in the Action, and further denies that Plaintiff or any member of the Class suffered any damages, but nevertheless desires to settle the Action finally on the terms and conditions herein set forth for the purposes of avoiding the burden, expense, and uncertainty of litigation, and putting to rest the controversies engendered by the Action and the issues within the scope of the releases set forth below.  By agreeing to this Agreement and the Settlement, Defendant does not admit any liability with respect to the allegations in the complaint of Plaintiff, retract or surrender any of the factual or legal positions it asserted in the Action, or concede the invalidity of those positions;

5.    WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made between in the Action, but, at least in part inspired by this litigation, Defendant has agreed to change its business practices so as not to send any unsolicited fax advertisements;

6.    WHEREAS, Plaintiff has conducted an investigation into the facts and law and has engaged in settlement negotiations relating to the Action;

7.    WHEREAS, Plaintiff and its counsel have fully analyzed and evaluated the merits of each party's contentions and the terms of this Agreement as it affects all parties, including the individual members of the Class, and, after taking into account the foregoing along with the risks of litigation, and the likelihood that the Actions, if not settled now, will be protracted and expensive, they are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that a settlement is in the best interest of the Class.

8.    WHEREAS, Defendant and its counsel have fully analyzed and evaluated the merits of each party's contentions and the terms of this Agreement.

9.      NOW THEREFORE, in consideration of the covenants and agreements set forth herein, it is agreed that the Actions shall be settled, subject to judicial approval, under the following terms and conditions:

## DEFINITIONS

10.    Definitions

10.1. **"Action"** means *Retina Associates Medical Group, Inc. v. Keeler Instruments, Inc.*, Case No. 8:18-cv-01358-CJC-DFM (C.D. Cal.).

10.2. "**Agreement**" means this Settlement Agreement.

10.3. "**Benefit Check**" means the check to be sent to those Class Members who submit a Valid Claim Form and who shall receive consideration under paragraph 15.3 below.

10.4. **"Claim Form"** means a claim form substantially in the form included in the Class Notice attached as Exhibit A (or in a form agreed to by all of the Parties).

10.5. "**Claim Period**" means the period of 60 days from the initial mailing of Class Notice to the Class by the Settlement Administrator, or as otherwise set by the Court.

10.6. Claims-related terms–the following terms are defined in paragraph 15.1 below: "**Claim Distribution List**" and "**Claim Eligible Member**."

10.7. "**Class**" means all persons or business entities in the United States who from August 3, 2014, until the date of preliminary approval were sent an unsolicited telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant.

10.8. "**Class Counsel**" means Edwards Pottinger LLC and Schultz & Associates LLP.

10.9. "**Class Member**" means a member of the Class.

10.10. "**Class Member List**" has the meaning specified in paragraph 12.1 below.

10.11. "**Class Notice**" means the mailed notice of the Settlement that is contemplated by this Agreement. Such notice shall consist of a long-form notice and claim form substantially the form attached as **Exhibit A** (or in a form agreed to by all of the Parties).

10.12. "**Class Representative Award**" means the incentive award to the Representative Plaintiff under paragraph 13.6 below.

10.13. "**Court**" means the Honorable Cormac J. Carney, United States District Judge, Central District of California, or such other judge to whom the Action may hereafter be assigned.

10.14. "**Disputed Claim**" has the meaning specified in paragraph 12.8 below.

10.15. "**Fairness Hearing**" means the Final Approval Hearing which will be held at least 90 days following the Preliminary Approval Date.

10.16. "**Final Approval**" means the last date on which all of the following have occurred:

10.16.1.  The Court has issued all necessary orders under Rule 23 of the Federal Rules of Civil Procedure approving of the Settlement in a manner consistent with the terms and intent of this Agreement (or in a manner agreed to by all of the Parties).

10.16.2.  The Court has entered a judgment finally approving the Settlement of the Action in a manner consistent with the terms and intent of the Agreement ("**Judgment**") (or in a manner agreed to by all of the Parties).

10.16.3.  Either: (i) 35 days have passed after entry of the Judgment and within such time, no appeal is taken, or (ii) the date after all appellate remedies are exhausted and the Judgment is upheld, or not altered in a manner that is substantially inconsistent with the Settlement and Judgment, provided that any change or modification that may increase any of Defendant's liability or reduce the scope of the Releases or alter the definition of the Class shall be considered as preventing the occurrence of Final Approval, unless Defendant waives this condition.

10.17  "**Final Approval Date**" means the date upon which Final Approval occurs.

10.18. "**Final Approval Hearing**" means the hearing scheduled by the Court in accordance with paragraph 11.1 below to complete the tasks identified in paragraph 13 below.

10.19. "**Final Approval Order**" means an order in the same form as the proposed order attached hereto as **Exhibit C** (or in a form agreed to by all of the Parties).

10.20. "**Judgment**" has the meaning specified in paragraph 10.16.2 above.

10.21. "**Parties**" means Representative Plaintiff, the Class, and Defendant.

10.22. "**per-Class Member Settlement Benefit**" has the meaning specified in paragraph 10.35.1 below.

10.23. "**Plaintiff**" means Retina Associates Medical Group, Inc.

10.24. "**Plaintiff's Counsel**" means Edwards Pottinger LLC and Schultz & Associates LLP.

10.25.  "**Preliminary Approval**" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement in the same form as the proposed order attached hereto as **Exhibit B** (or in a form agreed to by all of the Parties).

10.26. "**Preliminary Approval Order**" means an order in the same form as the proposed order attached hereto as **Exhibit B** (or in a form agreed to by all of the Parties).

10.27.  "**Preliminary Approval Date**" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

10.28.  "**Releases**" shall mean the releases contained in paragraph 18 below.

10.29.  "**Released Parties**" has the meaning specified in paragraph 18.1 below.

10.30.  "**Releasing Parties**" has the meaning specified in paragraph 18.1 below.

10.31.  "**Representative Plaintiff**" means Plaintiff Retina Associates Medical Group, Inc., and any other person who shall be appointed as such.

10.32.  "**Settlement**" means the resolution of the matters within the scope of the Releases set forth herein, as embodied in this Agreement.

10.33.  "**Settlement Administration Costs**" means the costs for administering the Settlement provided for herein to be paid exclusively from the Settlement Benefits, including but not limited to the costs of providing notice to the Class Members and providing Benefit Checks to Class Members who submit a Valid Claim Form.

10.34.  "**Settlement Administrator**" means Kurtzman Carson Consultants ("KCC").

10.35.  "**Settlement Benefits**" means the $310,000 that Defendant will become obligated to pay by operation of the Settlement, if it gains Final Approval. This is a "common fund" settlement. The Settlement Benefits shall pay for: (1) Settlement Administration Costs, (2) attorneys' fees, costs, and expenses to Class Counsel, as approved by the Court, (3) a Class Representative Award, if any, to the Representative Plaintiff, (4) a Class recovery on a *pro rata* Class Members who submit a Valid Claim Form, and (5) any *cy pres* distribution as follows:

> 10.35.1.  Each Class Member who submits a Valid Claim Form will be paid a *pro rata* share of the Class recovery up to $1,500 per Class Member (the "**per-Class Member Settlement Benefit**").

> 10.35.2.  Should there be any funds remaining after the payments identified above in paragraph 10.35(1)-(4), the Settlement Administrator shall transfer all remaining funds to mutually agreed-upon and Court-approved *cy pres* recipients.  The Parties agree to *cy pres* distribution in equal amounts to one *cy pres* recipient selected by Plaintiff and one by Defendant.  Plaintiff selects Hoag Hospital Foundation and Defendant selects HCP, Himalayan Cataract Project Group.

10.36.  "**Successful Opt Out**" means any person or persons who timely and validly exercise their right to opt out of the Settlement and Releases, under paragraph 12.6 below and Federal Rule of Civil Procedure 23, but shall not include (a) persons whose opt outs are challenged by Defendant, and the challenge is not overruled by the Court or withdrawn by Defendant, and (b) persons whose communication is not treated as an opt out, as provided in paragraph 12.6 below.

10.37.  "**Defendant**" means Keeler Instruments, Inc.

10.38.  "**Defendant's Counsel**" means Dinsmore & Shohl, LLP.

10.39.  "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

10.40.  "**Valid Claim Form**" means a complete submission of a Claim Form that:

10.40.1. is substantially filled out, meaning that there is a response to every question that the Parties identify as needing to be answered;

10.40.2. is timely—a Claim Form shall be timely if it is postmarked or electronically submitted online by the date set for return of Claim Forms as specified in the Class Notice;

10.40.3. is correct—a Claim Form shall be treated as incorrect if the statements contained thereon are false, or if the Class Member otherwise is not entitled or authorized to be treated as claimed;

10.40.4. is not successfully challenged under paragraph 12.8 below; and

10.40.5. is submitted by a person or entity on the Class Member List.

10.41.  As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

10.42.  Other terms defined in the text of the Agreement shall have the meaning given those terms in the text.

## SETTLEMENT PROCEDURES

11.    Preliminary Approval

11.1. Within 14 days of the execution of this Agreement by all Parties, Plaintiff and Plaintiff's Counsel shall move the Court for entry of a Preliminary Approval Order substantially in the form of **Exhibit B** hereto (a) preliminarily approving the Settlement memorialized in this Agreement as fair, reasonable, and adequate; (b) certifying the Class for settlement purposes only; (c) setting a date for the Final Approval Hearing; (d) approving and authorizing the dissemination of the proposed Class Notice that is attached as **Exhibit A**; (e) approving the requirement that Class Members may submit a Claim Form, and the form of Claim Form included in the Class Notice attached as **Exhibit A**; (f) setting deadlines for providing the Class Notices, submission of Claim Forms, filing of objections, filing of motions to intervene, opting out of the Settlement, and filing papers in connection with the Final Approval Hearing and the consideration of the approval or disapproval of the Settlement; (g) appointing the Plaintiff as Class Representative and Class Counsel as counsel for the settlement Class; (h) appointing the Settlement Administrator; and (i) entering a stay of the Action.

11.2. Defendant will not oppose the entry of a Preliminary Approval Order in the form of **Exhibit B** hereto (or in a form otherwise agreed to by the Parties), and Plaintiff will file an unopposed motion in support of Preliminary Approval.

12.     Administration

12.1. In the event of Preliminary Approval, Defendant shall create a list of Class Members ("**Class Member List**") and, as soon as practicable, but in no event more than 5 days after Preliminary Approval deliver it to the Settlement Administrator and to Class Counsel in Microsoft Excel or similar format.  Defendant shall transfer the Settlement Administration Costs to the Settlement Administrator in the time frame required by the Settlement Administrator.

12.2. Within 20 days after the Preliminary Approval Date, the Settlement Administrator shall mail the Class Notice together with the Claim Form to the Class Member List.

12.3. The Settlement Administrator shall update the Class Member List through the National Change of Address database. The Class Notice then shall be mailed to the updated address, and, if returned, re-mailed once to the forwarding address on the returned Class Notice, if any.

12.4. There shall be no further duty to take any further steps to provide notice or to attempt to locate Class Members. Nothing herein; however, shall restrict Class Counsel's ability to respond to Class Member inquiries regarding the settlement.

12.5. The Settlement Administrator shall maintain a copy of the Class Member List for a period of 5 years.

12.6. The Class Notice shall permit each Class Member to elect not to be a part of the Class and not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Class Notice, the Class Member mails the request in written form, by first class mail, postage prepaid, and postmarked no later than **65 days from the Preliminary Approval Date**, to the Claims Administrator at the address specified in the Notice, states their full name, address, fax number, and includes a statement in the written request for exclusion that they wish to be excluded from the Settlement. The Parties shall attempt to agree as to whether a communication from a Class Member is a request to opt out, and shall inform the Court of their position at the Fairness Hearing. Defendant or Class Counsel may dispute an opt out or purported opt out and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims in paragraph 12.8 below.

12.7. Unless the Court directs otherwise, the Class Notice shall provide that the Claim Forms shall be returned to the Settlement Administrator postmarked within 60 days of the mailing of the Class Notice; that objections, which must state with specificity the grounds for the objection, and motions to intervene filed by any Class Member shall be filed in Court no later than 60 days after mailing of the Class Notices, or shall be forever barred; and that requests by any Class Member to opt out of the Settlement be mailed to the Settlement Administrator postmarked no later than 60 days after mailing of the Class Notices, or shall be forever barred.

12.8. Within 14 days of the final date for postmarking of completed Claim Forms, Defendant may challenge any claims (whenever submitted) by any form of written notice to Class Counsel (**"Disputed Claims"**). Such Disputed Claim shall be deemed a Valid Claim Form unless Defendant's Counsel, within 18 days of the sending of notice of the objection by Defendant, seeks a ruling by the Court as to whether the objection is valid or whether the objection should be

rejected or overruled and the Claim allowed. The Court shall retain jurisdiction to resolve Disputed Claims. Any decision by Defendant not to dispute a Claim Form shall not be a waiver, determination, or preclusive finding against Defendant as to the truth of any fact in any proceeding.

12.9.   The Settlement Administrator shall create a Settlement Website no later than 14 days after entry of the Preliminary Approval Order.  The website shall contain downloadable copies of the Preliminary Approval Order, Long Form Notice, Settlement Agreement, Claim Form, and when filed, Class Counsel's motion for an award of attorneys' fees and expenses and for a Class Representative Award.  The Settlement Website shall allow for online claims submissions.  The Settlement Website shall contain any subsequent notices agreed to by the Parties.  The Settlement Website shall also contain a toll-free telephone number.

13.   Final Approval

13.1. Representative Plaintiff shall move the Court for entry of a Final Approval Order substantially in the form of **Exhibit C** hereto (a) finally approving the Settlement and the Agreement as fair, reasonable, and adequate; (b) giving the terms of the Settlement, including the Releases, final and complete effect; (c) finding that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied; and (d) otherwise directing the entry by the clerk of final judgment of dismissal on the merits and with prejudice in the Action. Representative Plaintiff shall move the Court for entry of a Final Approval Order, award of attorneys' fees, costs and expenses to Class Counsel, and Class Representative Award and no later than fifty (50) days after the mailing of Class Notice.

13.2. Defendant agrees not to oppose the entry of a Final Approval Order in the form of **Exhibit C** hereto (or in a form otherwise agreed to by all of the Parties).

13.3. The Final Approval Order, or a separate order, shall be entered as of the Final Approval Date providing that all Class Members, including Representative Plaintiff, shall be enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the Releases.

13.4. At the Fairness Hearing, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the approval of the Settlement as fair, reasonable, and adequate and the entry of the Final Approval Order, and shall present such evidence as they deem appropriate to support any proposed award of attorneys' fees, costs and Class Representative Award. Representative Plaintiff and Class Counsel shall make application for any awards to them, including awards of attorneys' fees, costs, and a Class Representative Award to be paid from the Settlement Benefits, in writing prior to the Fairness Hearing, at the time that the motion is filed requesting final approval. Any such awards shall be included in the Final Approval Order unless the Court directs it by separate order.

13.5. Class Counsel may move for or seek an award of attorneys' fees and costs and expenses to Class Counsel, as approved by the Court.  Class Counsel's fees will be paid exclusively from, and not in addition to the Settlement Benefits as may be awarded to Class Counsel by the Court upon application under paragraph 13.4 above.  Class Counsel Fees above

the Settlement Benefits will not be paid by Defendant. This Agreement does not contain a "clear-sailing" provision, i.e., Defendant has the right to object to Plaintiff's request for an award of reasonable attorneys' fees and litigation costs and expenses to Representative Plaintiff.

13.6. Class Counsel may move for or seek a Class Representative Award to be paid to Representative Plaintiff exclusively from, and not in addition to, the Settlement Benefits for Representative Plaintiff's services as a class representative. Defendant will pay from the Settlement Benefits any such Class Representative Award as may be awarded to Representative Plaintiff by the Court upon application under paragraph 13.4 above. This Agreement also does not contain a "clear-sailing" provision concerning such an award.

## SETTLEMENT BENEFITS

14.    Subject to the other terms and conditions of this Agreement, if the Settlement achieves Final Approval, the Settlement Administrator shall provide to each **"Claim Eligible Member,"** as defined in paragraph 15.1 below, who timely submits a Valid Claim Form a Benefit Check for Settlement Benefits.

15.    In order to effectuate the provision of Settlement Benefits:

15.1. At least 14 days before the Final Approval Hearing, the Settlement Administrator shall prepare: (i) a **"Claim Distribution List"** consisting of the Class Members who (a) submitted a Valid Claim Form, and (b) were not Successful Opt Outs, and (c) were not finally rejected as a Disputed Claim under paragraph 12.8 above. The Class Members on the Claim Distribution List shall be the **"Claim Eligible Members."** The distribution lists shall be amended by the Settlement Administrator from time to time as information becomes available. All Claim Eligible Members will be eligible to receive the Settlement Benefits in accordance with the terms of the Settlement, unless otherwise ordered by the Court or agreed by the Parties or unless amended as required herein.

15.2. Within 14 days of the Final Approval Date, Defendant shall transfer the amount of Agreed Payments to the Settlement Administrator. Within 28 days of the Final Approval Date, the Settlement Administrator shall issue checks in the appropriate amounts to the Claim Eligible Members and shall also transfer to Class Counsel the amount of the Class Representative Award and Class Counsel's fee award. Should there be any funds remaining after the payment of timely and valid claims, Class Representative Award and Class Counsel's fees, including uncashed checks, the Settlement Administrator shall transfer all remaining funds in equal part to the two Court-approved *cy pres* recipients.

15.3. The per-Class Member Settlement Benefits shall be mailed to the address given by the Claim Eligible Member on the Valid Claim Form.

16.    All Benefit Checks issued pursuant to this Agreement shall bear the legend that they expire if not negotiated within 90 days of their issuance date. Checks that are not negotiated within 90 days of their issuance date shall be re-issued for good cause and on an individual basis only, but in no event shall a check be re-issued more than 150 days of its original date of issue.

17.    The Parties agree that the Settlement Benefits are a "common fund" under Federal Rule of Civil Procedure 23 for purposes of any recovery under the Settlement, including attorneys' fees.

## RELEASES & REPRESENTATIONS

18.    Releases

18.1. Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the Representative Plaintiff and each Class Member who is not a Successful Opt Out, each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as *parens patriae* or on behalf of creditors or estates of the Representative Plaintiff or Class Members) ("**Releasing Parties**"), will be deemed to have completely released and forever discharged Defendant and each of its past and present officers, directors, shareholders, trustees, beneficiaries, members, partners, employees, predecessors, successors in interest, attorneys, agents, assigns, subsidiaries, parent companies, affiliates, insurers, reinsurers, accountants and representatives ("**Released Parties**") from any claim arising out of the faxes that are the subject of the Action.

18.2    As a material term of this Agreement, Plaintiff Retina Associates Medical Group, Inc. hereby agrees that as of the Final Approval Date, all its rights under Section 1542 of the Civil Code of the State of California are waived as to any claims against Defendant.  Defendant shall have the unilateral right to withdraw from this Agreement should Plaintiff assert any individual common law, tort, or any other claim between the execution of this Agreement and its Final Approval Date.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

18.3. As part of the Final Approval Order, the Action shall be dismissed with prejudice. The Court shall enter a Judgment to that effect.

18.4. As of the Final Approval Date, Class Counsel shall be deemed to have released and discharged Defendant and the Released Parties from all claims for fees, costs, or compensation for the Action, other than those approved in connection with this Settlement.

18.5. As of the Final Approval Date, Defendant and the Released Parties shall be deemed to have released the Representative Plaintiff, each Class Member who is not a Successful Opt Out, and Class Counsel from all claims arising out of maintenance of the Action including, without limitation, all claims for attorneys' fees and costs.

19.     Representations

19.1. In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Federal Rule of Civil Procedure 23(e). Until and unless this Agreement is dissolved or becomes null and void by its own terms or unless otherwise ordered by the Court or if Final Approval is not achieved on terms consistent with the Settlement, Representative Plaintiff, the Class, and Class Counsel represent and acknowledge to each other that they shall in good faith take all appropriate steps in the Actions necessary to acquire and preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary Approval and Final Approval of this Agreement as promptly as possible, use their best efforts to resist and oppose any or all objections to the Settlement and any or all attempts to opt out of the Settlement on any basis other than an individual basis, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes (a) the obligation to oppose objections and to defend, protect, and seek enforcement of the Agreement and the Settlement before the Court or before any other court or on appeal, if any; (b) to amend the pleadings or seek and obtain the participation of additional plaintiffs, if necessary; (c) to seek approval of this Agreement and of the Settlement by the Court; (d) to move for the entry of the Preliminary Approval Order, Final Approval Order and Judgment, as well as the order contemplated by paragraph 13.3 above; and (e) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by Defendant, subject to the Representative Plaintiff's consent, not to be unreasonably withheld.

19.2. Representative Plaintiff and Defendant, subject to the last sentence of this paragraph, represent that they are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party covenants, warrants, and represents that he or she is and has been fully authorized to do so by such Party. Each Party hereto further represents that he, she, or it intends to be bound fully by the terms of this Agreement.

19.3. Representative Plaintiff, Class Counsel and Defendant represent that they have not, nor will they, (a) attempt to void this Agreement in any way; (b) opt out of the Settlement under this Agreement; (c) solicit or encourage Class Members to opt out; or (d) solicit or encourage any effort by any person (natural or legal) to object to the Settlement under this Agreement. However, nothing herein shall restrict Class Counsel's duty or ability to provide whatever advice Class Counsel, in its sole discretion, feels appropriate, if contacted by Class Members.

## MISCELLANEOUS PROVISIONS

20.     This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and nothing in this Agreement nor any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any party or third party or of the validity of any claim. Defendant denies the allegations in the Actions and contends that its conduct has been lawful and proper.

21.     This Agreement is entered into only for purposes of settlement. In the event that Final Approval of this Agreement and this Settlement does not occur for any reason or the Agreement or Settlement is terminated as provided herein, this Agreement shall become null and void. In

the event the Agreement shall become null and void, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. Any classes certified or orders entered pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for any purpose other than the attempted effectuation of this Agreement, and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this or any other proceeding. In addition, the status of the Action shall revert to the state they were in prior to the Settlement, and the agreements contained herein (including the agreement not to oppose the certification of a class) shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting.

22.    This Agreement shall be terminable at the option of any of the Parties (a) in the event the Court fails to enter the Preliminary Approval Order, Final Approval Order or order contemplated by paragraph 13.3 above, or does so in a form different from the forms contemplated by this Agreement (and the entered form is not otherwise agreed to by all of the Parties); (b) if this Agreement becomes null and void in accordance with paragraph 21 above; or (c) as otherwise provided in this Agreement. This Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and Defendant.

23.    The obligations of Defendant with respect to the provision of the Settlement Benefits, its activities with respect to the Class Member List, or its assistance to the Settlement Administration therewith, and its service, acts, or omissions as Settlement Administrator (if any), shall be performed reasonably and in good faith, subject to the further provision that the terms of the Settlement and any Court orders shall control.

24.    This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of California.

25.    The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties with respect to Settlement of the Action, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Any modification of this Agreement must be confirmed in a writing signed by Plaintiff's Counsel and Defendant's Counsel.

26.    This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Released Parties, and the beneficiaries of the Release, and the Released Parties and the beneficiaries of the Release shall be deemed to be intended third party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

27.    The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

28.    This Agreement shall become effective upon its execution by all of the Parties and counsel for all of Parties. The Parties and their counsel may execute this Agreement in counterparts. Each

counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

29.    Although the Court shall enter a Judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.

30.    List of Exhibits:

      30.1. Exhibit A_Class Notice with Claim Form

      30.2. Exhibit B_proposed Preliminary Approval Order

      30.3. Exhibit C_proposed Final Approval Order

      IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**For Plaintiff and the Class:**
RETINA ASSOCIATES MEDICAL GROUP, INC.

By: _Robert F. Ruper, MD_        Date: _6/21/2019_
Name: Robert F. Ruper, M.D.
Title: President


**For Defendant:**
KEELER INSTRUMENTS, INC.

By:_____        Date: _____
Name: Arnold Moshier
Title:

counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

29.     Although the Court shall enter a Judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.

30.     List of Exhibits:

        30.1. Exhibit A_Class Notice with Claim Form

        30.2. Exhibit B_proposed Preliminary Approval Order

        30.3. Exhibit C_proposed Final Approval Order

        IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**For Plaintiff and the Class:**
RETINA ASSOCIATES MEDICAL GROUP, INC.

By:_____        Date: _____
Name: Robert F. Ruper, M.D.
Title: President


**For Defendant:**
KEELER INSTRUMENTS, INC.

By: _____        Date: 6/27/19
Name: Arnold Moshier
Title: Secretary + Treasurer

12

EXHIBIT "A"

**If you received an unsolicited Fax Advertisement from Keeler Instruments, Inc., between August 3, 2014, and [date of preliminary approval], a class action settlement may affect your rights.  More information about this settlement is set forth in this Notice.  Please read it carefully as your rights may be impacted even if you do nothing at all.**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

SUMMARY

- On August 3, 2018, Retina Associates Medical Group, Inc. ("Retina Associates" or "Plaintiff") filed suit in the United States District Court for the Central District of California, captioned *Retina Associates Medical Group, Inc. v. Keeler Instruments, Inc.*, Case No. 8:18-cv-01358-CJC-DFM ("Action").  Retina Associates alleged that Keeler Instruments, Inc., ("Keeler" or "Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by sending unsolicited fax advertisements that did not contain the required opt-out notice and without prior express invitation or permission of Retina Associates and the putative class members.  On October 25, 2018, Retina Associates filed an amended complaint with similar allegations.

- A proposed settlement has been reached in the Action, and you may be a Settlement Class Member.  You are a Settlement Class Member if you are a person or business entity in the United States who from August 3, 2014, until [enter date of date of preliminary approval] were sent an unsolicited telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Keeler.

- If the settlement is finally approved by the Court, Settlement Class Members who submit a timely claim that satisfies the requirements in this Notice will receive payment of up to $1,500 depending on the number of claims submitted.

- Your legal rights are affected whether you act or not and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Do Nothing** | You will get no benefit from the settlement.<br><br>You will give up any right to ever be a part of any other lawsuit against Defendant that relates in any way to the use of a telephone facsimile machine, computer, or other device to send a facsimile advertisement to Settlement Class Members. |
| **Submit A Claim Form by ____, 2019** | You will receive payment of up to $1,500 depending on the number of valid claims submitted if you submit a timely claim form that satisfies the requirements for making a claim and the Court finally approves the settlement. |

| | You will also give up any right to ever be a part of any other lawsuit against Defendant that relates in any way to the use of a telephone facsimile machine, computer, or other device to send a facsimile advertisement to Settlement Class Members.<br><br>A claim form is available at _____. |
|---|---|
| **Ask to be Excluded by _____,** **2019** | You will not receive a benefit from the settlement.<br><br>You will keep the ability to sue Defendant in a different lawsuit for the claims at issue in this lawsuit.<br><br>This is the only option that allows you to ever be part of any other lawsuit against Defendant that relates in any way to the use of a telephone facsimile machine, computer, or other device to send a facsimile advertisement to Settlement Class Members |
| **Submit an Objection by _____,** **2019** | You may choose to stay in the lawsuit and the Settlement Class, but object to this settlement.<br><br>By objecting to the settlement you give up your right to be excluded from the settlement and your right to file your own action.  If you object to the settlement, you may ask a lawyer to represent you at your own cost.<br><br>The Court will hold a Final Approval Hearing in this case on _____, 2019, to consider whether to approve the settlement and the request by the lawyers representing Settlement Class Members for attorneys' fees and costs.   To object to the settlement or the application for attorneys' fees and costs, you must timely file a written objection meeting the requirements set forth later in this Notice with the Court and serve a copy on Class Counsel and Defendant's counsel at the addresses listed below.  If you have filed such an objection, you may appear at the hearing to explain your objection further. |

## BASIC INFORMATION

**1.   What is this Notice about?**

The Court issued this Notice because you have a right to know about a proposed settlement in the class action lawsuit, *Retina Associates Medical Group, Inc. v. Keeler Instruments, Inc.*, Case No. 8:18-cv-01358-CJC-DFM, pending in the United States District Court for the Central District of California.  This lawsuit is based on certain unsolicited fax advertisements that Defendant sent to Settlement Class Members.

This Notice explains the settlement (including your legal rights), who is a Class Member, the benefit available to Class Members, and how to make a claim for a benefit.

**2. What is this lawsuit about?**

Plaintiff claims that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by sending to Plaintiff and the putative class members unsolicited fax advertisements that did not contain the required opt-out notice and without prior express invitation or permission or an established business relationship. Defendant denies wrongdoing or liability of any kind related to Plaintiff's claim but has agreed to settle the case solely to avoid the uncertainties, expenses, and time of further litigation.

**3. What is a class action?**

In a class action lawsuit, persons called "Class Representatives" (in this case, Plaintiff Retina Associates) sue on behalf of others, called "Class Members," who have similar claims. In a class action, one court resolves in one case the claims of all Class Members except for those who choose to exclude themselves from the class. Plaintiff and Defendant have agreed to treat this case as a class action for purposes of this settlement. The Court has agreed for the reasons set forth in the Court's Preliminary Approval Order available at _____.

**4. Why is there a settlement in this case?**

The Court did not decide in favor of Plaintiff or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the risk and expense of continued litigation and trial, and Class Members who satisfy certain conditions will receive a benefit without the risk that their claims ultimately may be found to lack merit if this case were to proceed through litigation. Plaintiff and Class Counsel believe this settlement is in the best interest of all Class Members.

## WHO IS IN THE CLASS?

**5. How do I know if I am part of the settlement?**

The Court has decided that everyone who fits this description is a Class Member:

> All persons or business entities in the United States who from August 3, 2014, until [enter date of preliminary approval] were sent an unsolicited telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant.

**6. Are there exceptions to the Settlement Class?**

Yes. The Class does not include Defendant, its employees and agents, and members of the judiciary.

**7. I am still not sure I am included.**

If you are not sure whether you are included, you can get help by calling toll free 1-800-_____, visiting www._____, or writing with questions to Retina -Keeler TCPA Settlement, _____. You can also contact Class Counsel Seth Lehrman of Edwards Pottinger LLC, 425 North Andrews Avenue, Suite 2, Fort Lauderdale, FL 33301, telephone (954) 323-2066, seth@epllc.com, or Ronald J. Eisenberg of Schultz &

Associates LLP, 640 Cepi Drive, Suite A, Chesterfield, MO 63005, telephone (636) 733-6647, reisenberg@sl-lawyers.com.

## THE SETTLEMENT

**8. What benefit is available under the settlement?**

The settlement provides that Defendant shall pay Settlement Benefits totaling $310,000 and, after certain deductions including settlement administration costs and attorneys' fees, to pay a pro rata share up to $1,500 to each Class Member who submits a timely and valid claim. If any balance remains thereafter, it shall be distributed to two charitable organizations approved by the Court.

**9. Are any payments available now?**

No. The Court has not yet decided whether to approve the settlement. If the Court does not approve the settlement, no payments will be made. If you want to participate in the settlement, however, you must submit the claim form available at www._____ by _____ __, 2019.

## YOUR RIGHTS AND OPTIONS

**10. What am I giving up if I stay in the Settlement Class?**

If you stay in the Settlement Class, then you cannot sue Defendant for claims that relate to the use of a telephone facsimile machine, computer, or other device to send a facsimile advertisement to Class Members. If the Court finally approves the settlement then you will be bound by the Settlement Agreement available at www._____.

**11. How can I make a claim?**

To receive payment, you must submit a valid claim form. Your claim form must include all of the required information, must be verified by you, and must be submitted on or before _____, 2019. You may obtain a claim form online at www._____, then print and mail it to Retina-Keeler TCPA Settlement, _____ or you may submit a claim online.

**12. How can I get out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must send a letter to the Claims Administrator at Retina-Keeler TCPA Settlement, _____, postmarked no later than _____, 2019. In your letter, you must include your name, address, telephone number, and a written statement that you wish to be excluded from the settlement Class.

**13. How do I tell the Court that I do not like the settlement?**

If you are a Class Member and have not excluded yourself from the Class, you can object to the settlement if you do not agree with any part of it. Your objection should include reasons why you think the Court should not finally approve the settlement, and the Court will consider your views. To object, you must file your written objection with the Court no later than _____, 2019, and must mail it to Class Counsel and Counsel for Defendant, postmarked no later than _____, 2019.

| Court | Class Counsel | Counsel for Defendant |
|---|---|---|
| U.S. District Court<br>Central District of California<br>350 W 1st Street<br>Suite 4311<br>Los Angeles, CA 90012-4565 | Seth M. Lehrman<br>Edwards Pottinger LLC<br>425 North Andrews Ave.<br>Suite 2<br>Fort Lauderdale, FL  33301 | Karen S. Hockstad<br>Dinsmore & Shohl, LLP<br>191 W. Nationwide Blvd.<br>Suite 300<br>Columbus, OH 43215 |

Your objection must be signed by you or your attorney and must include your name, address, and facsimile phone number, a must state with specificity the grounds for the objection, and include any documentation to support the objection.  If you intend to call witnesses at the fairness hearing, you must identify them.

**14.   What is the difference between "objecting" and "excluding yourself"?**

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the settlement no longer affects you.

**15.   What happens if I do nothing?**

If you do nothing, you will be included in the Class, but you will not receive any payment.  To receive payment, you must submit a timely and valid Claim Form.  If you do nothing, once the settlement is finally approved, you will not be able to start, continue, or be part of any other lawsuit against Defendant that relates in any way to the use of use of a telephone facsimile machine, computer, or other device to send a facsimile advertisement to Settlement Class Members.

## THE COURT'S FINAL APPROVAL HEARING

**16. When and where will the Court decide whether to approve the settlement?**

The Court has scheduled a Final Approval Hearing at ____.m. on _____, 2019, in United States District Court, Central District of California, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, CA 90012.  At this hearing, the Court will consider whether the settlement should be approved by the Court as fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing and will make its decisions.

**17. What else will be decided at the Final Approval Hearing?**

At the Final Approval Hearing, Class Counsel will ask the Court for an award of attorneys' fees up to $77,500 (25% of the $310,000 in Settlement Benefits), plus costs and expenses.  The Court will also consider Class Counsel's request for a class representative award of up to $5,000 for Retina Associates for the services it has rendered and the benefit it obtained for the class.

**18. Do I have to come to the hearing?**

Not unless you filed an objection to the settlement.  Otherwise, Class Counsel will answer any questions that the Court may have, but you may come to the hearing.

## THE LAWYERS REPRESENTING YOU

### 19. Do I have a lawyer in this case?

The Court appointed Seth M. Lehrman of Edwards Pottinger LLC and Ronald J. Eisenberg of Schultz & Associates LLP as Class Counsel to represent you should you submit a claim.  You do not have to pay Class Counsel.

### 20. Should I get my own lawyer?

Class Counsel will represent you if you choose to stay in the Class.  You may retain your own lawyer if you want someone other than Class Counsel to represent you, but you will be responsible for paying that lawyer.  You are not required to pay Class Counsel.  If you ask to be excluded from the Class, Class Counsel will not represent you.  If you want a lawyer to represent you with respect to any claim you may have, then you will be required to pay that lawyer.

### 21. How will Class Counsel be paid?

If the settlement is finally approved, Class Counsel will be paid their attorneys' fees and costs from the Settlement Benefits in this case.  Class Counsel will file a motion asking the Court for an award of attorneys' fees and expense as explained in Paragraph 17 above.

## GETTING MORE INFORMATION

### 22. Where can I find more details about the settlement?

If you have questions about the settlement, write to Class Counsel at the address above.  Include the case number, your name, your fax number, and your current street address on any correspondence.  Alternatively, you can call Class Counsel Seth M. Lehrman at (954) 323-2066 or Ronald J. Eisenberg at (636) 733-6647. You may also contact the Retina-Keeler TCPA Administrator at [INSERT TOLL FREE NUMBER] or visit the settlement website, www._____.

**PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO DEFENDANT.**

*RETINA ASSOCIATES MEDICAL GROUP, INC. V. KEELER INSTRUMENTS, INC.*
SETTLEMENT CLAIM FORM

**Your Information**

1.      Your name:      _____

Business Name (if any):      _____

2.      Address:      _____

City: _____  State: _____  Zip Code: _____

3.      Telephone Number:  _____

4.      Fax Number:   _____

5.      Email:  _____

**Certification**

Under 28 U.S.C. § 1746, I declare under penalty of perjury that:  By submitting this claim form, I certify that the information I have provided herein is true and correct to the best of my personal knowledge and belief.  I also certify that I received one or more unsolicited telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Keeler Instruments, Inc., on or after August 3, 2014.  I understand under the Settlement Agreement I am forever releasing and waiving any right to seek compensation or make any claim regarding unsolicited facsimile advertisements sent to me by or on behalf of Keeler Instruments, Inc.

_____

Date                                          Signature

Return the Claim Form to:
[Administrator]

**Your mailed claim form must be postmarked on or before _____.**

YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU.  PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME. THANK YOU IN ADVANCE FOR YOUR PATIENCE.

**If you received an unsolicited Fax Advertisement from Keeler Instruments, Inc., between August 3, 2014, and [PRELIMINARY APPROVAL DATE], 2019, a class action settlement may affect your rights.  More information about this settlement is set forth in this Notice. Please read it carefully as your rights may be impacted even if you do nothing at all.**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

A proposed settlement has been reached in a class action alleging that Keeler Instruments, Inc., violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending unsolicited fax advertisements that did not contain the required opt-out notice and which were sent to Plaintiff and the class members without prior express invitation or permission or an established business relationship.  **The sole purpose of this notice is to inform you of the settlement so that you may decide what to do about it.**

If the settlement is finally approved by the Court, Class Members who submit a timely claim that satisfies the requirements set forth in this Notice will receive a pro rata share of the Settlement Benefits, up to $1,500 each.  You may also choose to exclude yourself from or object to the settlement.

You can obtain more information about this settlement at www._____, including the settlement agreement and related court documents.  Claim forms are due _____, 2019, and can be obtained by visiting www._____ or by calling [SETTLEMENT PHONE NUMBER].  Requests to exclude yourself from the settlement are due _____, 2019. Questions may also be directed to Class Counsel Seth Lehrman at (954) 323-2066 or Ronald J. Eisenberg at (636) 733-6647.

Please do not contact Defendant or the Court about this settlement.

# EXHIBIT "B"

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **RETINA ASSOCIATES MEDICAL GROUP, INC., individually and on behalf of all others similarly situated,** ) ) ) | **CASE NO.  8:18-cv-01358-CJC-DFM** |
| Plaintiff, ) ) | |
| v. ) ) | **PRELIMINARY APPROVAL ORDER** |
| | **Judge: Hon. Cormac J. Carney** |
| **KEELER INSTRUMENTS, INC.,** ) ) | **Room: 7C** |
| Defendant. ) ) ) | |

11
12
13
14
15
16
17
18
19

_____

20  WHEREAS, this Action is a putative class action under the Telephone Consumer

21  Protection Act, 47 U.S.C. § 227, *et seq.*;

22  WHEREAS, Plaintiff Retina Associates Medical Group, Inc., ("Plaintiff") have

23  filed a Motion for Preliminary Approval of a Class Wide Settlement ("Motion"), which

24  included a Settlement Agreement,[1] which, together with the exhibits thereto, sets forth

25  the terms and conditions for the settlement and release of certain claims, on a class-

26
27

_____

28  [1]     Unless otherwise defined herein, all capitalized terms have the same definition
as set forth in the Settlement Agreement (ECF _____).

-6-

wide basis, against Defendant Keeler Instruments, Inc. ("Defendant"), as more fully set forth below;

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Settlement Agreement appears fair, reasonable and adequate, and that the proposed plan of notice to the class is the best notice practicable under the circumstances and consistent with Due Process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether a judgment approving settlement and order of dismissal should be entered in this action based upon the Settlement Agreement;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Class described below.

**Certification of Settlement Class**

2.     Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the "Class" is preliminarily certified, consisting of the following class:

> All persons or business entities in the United States who from August 3, 2014, until the date of preliminary approval were sent an unsolicited telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant.

3.     All people and business entities who are members of the Class are collectively the "Settlement Class Members" or individually a "Settlement Class Member."

4.    For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representative are typical of the claims of the respective classes within the Settlement Class they seek to represent; (d) the class representative will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Court further finds, for purposes of settlement only, that: (A) the members of the Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

5.    Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff is appointed as Representative Plaintiff for the Class and Edwards Pottinger LLC and Schultz & Associates LLP are appointed as Class Counsel.

6.    The foregoing determination regarding class certification is for purposes of settlement only.  The Court recognizes that, under the Settlement Agreement, Defendant retains the right to dispute that a class may be certified in this case, should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this preliminary finding regarding class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

**Notice and Administration**

7.     The Court hereby approves of Kurtzman Carson Consultants, LLC, as claims administrator to perform the duties of the Settlement Administrator set forth in the Settlement Agreement, including providing Notice to Settlement Class Members, to perform such other functions and duties of the administrator as are set forth in the Settlement Agreement, and to provide such administration services as are reasonably necessary to facilitate the completion of the Settlement.

8.     The Court has carefully considered the plan for notice set forth in the Settlement Agreement, including receiving briefs on the issue of the propriety of the notice. The Court finds that the form and method set forth or identified in the Settlement Agreement of notifying the Settlement Class, and the members thereof, of the Settlement and its terms and conditions constitutes the best notice that is practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law, such that the Settlement Agreement and final judgment will be binding on all Class Members.

9.     The Court hereby approves the form, content and requirements of the Class Notice annexed to the Settlement Agreement as Exhibit A.  The Court approves the regime for notice set forth in paragraph 12 of the Settlement Agreement. Within 30 days after the Preliminary Approval Date, the Settlement Administrator shall mail the Class Notice together with the Claim Form to the Class Member List.

10.     Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a claim form in accordance with the instructions provided therein.  The Court hereby approves as to form and content the claim form attached to the Settlement Agreement along with the Class Notice as Exhibit A, which shall be included in the direct notice package, and as the Claim Form

1   attached to the Settlement Agreement.   All Claim Forms must be postmarked or
2   received by the Claims Administrator no later than _____, 2019.

3        11.   All costs of providing notice to the Settlement Class, processing claim
4   forms and administering distributions from the Settlement Fund according to a Court-
5   approved procedure in the Final Approval Order, shall be paid out of the Settlement
6   Fund, as provided by the Settlement Agreement.

7   **Exclusion & "Opt-Outs"**

8        12.   Settlement Class Members shall be bound by all determinations and orders
9   pertaining to the Settlement, including the release of all claims to the extent set forth
10  in the Settlement Agreement, whether favorable or unfavorable, unless such persons
11  request exclusion from the Settlement Class in a timely and proper manner, as
12  hereinafter provided.  Settlement Class Members who do not timely and validly request
13  exclusion shall be so bound even if they have previously initiated or subsequently
14  initiate individual litigation or other proceedings against Defendant relating to the
15  claims released pursuant to or covered by the terms of the Settlement.

16       13.   A Settlement Class Member wishing to make a request for exclusion from
17  the Settlement Class shall mail the request in written form, by first class mail, postage
18  prepaid, and postmarked no later than _____, 2019, to the Claims Administrator
19  at the address specified in the Notice.   In the written request for exclusion, each
20  Settlement Class Member must state its full name (including any business name),
21  address, telephone number, and facsimile number.   Further, the Settlement Class
22  Member must include a statement in the written request for exclusion that it wishes to
23  be excluded from the Settlement.  The request for exclusion shall not be effective unless
24  the request for exclusion provides the required information and is made within the time
25  stated above, or the exclusion is otherwise accepted by the Court.  No Settlement Class
26  Member, or any person acting on behalf of or in concert or in participation with that
27  Settlement Class Member, may request exclusion of any other Settlement Class
28  Member from the Settlement Class.

-6-

14.     Settlement Class Members who opt out of the Settlement will relinquish their rights to benefits under the Settlement and will not release their claims.  However, Settlement Class Members who fail to submit a valid and timely request to exclude themselves from the class on or before the dates specified herein shall be bound by all terms of the Settlement Agreement and Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

15.     The Claims Administrator will promptly provide all Parties with copies of any opt-out requests, and Plaintiff shall file a list of all who have opted out with the Court no later than five calendar days prior to the Final Approval Hearing.

### Objections

16.     Any member of the Settlement Class who is not excluded from the Settlement Class and who objects to the approval of the proposed settlement must file with the Court and serve on all Parties a written statement with his, her, or its full name, business name,, address, telephone number, facsimile number to which a subject fax was received from Defendant, all specific grounds for the objection with factual and legal support for the stated objection, the identity of any witnesses it may call to testify and exhibits its intends to introduce into evidence at the Final Approval Hearing, which shall be attached.  A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement or the request for attorneys' fees or the request for a Class Representative Award are required to indicate in their written objection their intention to appear at the Fairness Hearing on their own behalf or through counsel.

17.     The Court will consider comments or objections to the Settlement, the award of attorneys' fees and reimbursement of expenses, and the Class Representative Award only if, on or before _____, 2019, such comments or objections and any supporting papers are filed in writing with the Clerk of this Court.  No Settlement Class

1  Member shall be entitled to be heard and no objection shall be considered unless these
2  requirements set forth in this Order are satisfied.

3       18.    Any Settlement Class Member who does not opt out or make an objection
4  to the Settlement in the manner provided herein shall be deemed to have waived any
5  such objection by appeal, collateral attack, or otherwise, and shall be bound by the
6  Settlement Agreement, the releases contained therein, and all aspects of the Final
7  Approval Order.

8                        **Final Approval Hearing**

9       19.    The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is
10 hereby scheduled to be held before the Court on _____, 2019, at _____.m. for the
11 following purposes:

12            (a)    to determine finally whether the applicable prerequisites for
13            settlement class action treatment under Rule 23(a) and (b) are met;

14            (b)    to determine whether the Settlement is fair, reasonable and
15            adequate, and should be approved by the Court;

16            (c)    to determine whether the judgment as provided under the
17            Settlement Agreement should be entered, including a bar order prohibiting
18            Settlement Class Members from further pursuing claims released in the
19            Settlement Agreement;

20            (d)    to consider the application for an award of attorneys' fees,
21            costs, and expenses of Class Counsel;

22            (e)    to consider the application for a Class Representative Award;

23            (f)    to consider the distribution of the Settlement Benefits under
24            the terms of the Settlement Agreement; and

25            (g)    to rule upon such other matters as the Court may deem
26            appropriate.

27      20.    Briefs and papers in support of the final approval of the proposed
28 settlement shall be filed no later than ____ calendar days before the Final Approval

Hearing. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Approval Order in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

21.    On or before _____ calendar days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; (ii) any application for award of attorneys' fees and expenses; and (iii) any application for a Class Representative Award. For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Mailed by:** _____

**Objection/Exclusion:** _____

**Claim Deadline:** _____

**Final Approval Hearing:** _____at ____ m.

22.    Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

### Further Matters

23.    All discovery and other pretrial proceedings in the Action as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

24.    Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and Settlement Agreement, whether favorable or unfavorable.

25.    In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and

expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding; and (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered.

26.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED:_____

_____
United States District Court Judge
Hon. Cormac J. Carney

EXHIBIT "C"

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **RETINA ASSOCIATES MEDICAL GROUP, INC., individually and on behalf of all others similarly situated,** ) ) ) ) | **CASE NO.  8:18-cv-01358-CJC-DFM** |
| Plaintiff, ) ) ) | **FINAL ORDER OF JUDGMENT AND DISMISSAL** |
| v. ) ) | **Judge: Hon. Cormac J. Carney** |
| ) | **Room: 7C** |
| **KEELER INSTRUMENTS, INC.,** ) ) ) | |
| Defendant. ) ) ) | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   This matter coming to be heard on Plaintiff Retina Associates Medical Group, Inc.'s Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Class,[1] and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

   1.     This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the Parties to the Action, including all Class Members.

_____

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set forth in the Settlement Agreement.

2.     The Court preliminarily approved the Settlement Agreement by the Preliminary Approval Order dated _____, 2019, and notice was given to the Class under the terms of the Preliminary Approval Order.

3.     The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Class, and supporting declarations.  The Court has also read and considered any written objections filed by Class Members.  The Court held a hearing on _____, 2019, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.   Furthermore, the Court finds that notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, was effectuated on _____, and that ninety days have passed without comment or objection from any governmental entity.   The Court has received no objections from any person regarding this Settlement.

4.     Based on the papers filed with the Court and the presentations made to by the Parties and any other interested persons at the hearing, the Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Class.  Specifically, the Court finds Class Counsel to have adequately represented the Class.  Class Counsel have done adequate work in identifying or investigating potential claims in the action.  They are experienced in handling class actions, having litigated more than 100 class actions under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and other complex litigation, including class actions in other areas of law.  Class Counsel have demonstrated knowledge of the applicable law.  They have committed resources to representing the Class and indicated that they will continue to do so as necessary, even though Defendant has agreed to pay for the costs of settlement administration. The Court also finds adequate Representative Plaintiff, Retina Associates, Inc.

5.     The relief provided for the Class, a substantial monetary payment, is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class, i.e., checks by mail, and the method of processing Class-member claims, i.e., services through a professional settlement administrator, with mailed and online claim submissions; (iii) the proposed award of attorneys' fees, which does not exceed the twenty-five percent "benchmark" established by the Ninth Circuit Court of Appeals, and the payment of such fees contemporaneously with the payments to the Class; and (iv) the terms of the Settlement Agreement, which resulted from arms'-length negotiations presided over by a neutral mediator.

6.     Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Class":

> All persons or business entities in the United States who from August 3, 2014, until the date of preliminary approval were sent an unsolicited telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant.

7.     Under Federal Rule of Civil Procedure 23, Plaintiff Retina Associates, Inc. is appointed as Representative Plaintiff for the Class and Edwards Pottinger LLC and Schultz & Associates LLP are appointed as Class Counsel.

8.     With respect to the Class, this Court finds for settlement purposes only that (a) the Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the class representatives, identified above, are typical of the claims of the Class; (d) Representative Plaintiff will fairly and adequately protect the interests of the Class; (e) the questions of law or fact common to the members of the Class predominate over the questions affecting only individual members, and (f) certification of the Class is superior to other available methods for the fair and efficient adjudication of the

controversy.  The Court further finds that (a) the members of the Class have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with Class Counsels' representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Class; (c) it is desirable claims described in the Settlement Agreement are released against the Released Parties to concentrate the claims in this forum; and (d) it is unlikely that there will be difficulties encountered in administering this Settlement.

9.     The Court has determined that the Class Notice given to the Class members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Federal Rule of Civil Procedure 23, and all applicable law.

10.    The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement under CAFA.

11.    The persons who made timely and valid requests for exclusion are excluded from the Class and are not bound by this Final Order of Judgment and Dismissal.  Annexed hereto as Appendix A is a schedule of all such persons excluded from the Class.

12.    The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder.  The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13.    The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Class members.  The Court adjudges that the released claims described in the Settlement Agreement are released against the Released Parties.

14. The Court adjudges that Plaintiff and all Class Members shall be deemed to have fully, finally and forever released and relinquished their claims against the Released Parties, as specified in the Settlement Agreement.

15. After the Effective Date, all Class Members, including Representative Plaintiffs, are hereby permanently enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the releases contained in the Settlement Agreement.

16. The Court further adjudges that upon the Effective Date, the above-described release and the Settlement Agreement will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiff and all other Class Members, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and this Final Order of Judgment and Dismissal in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Action and the Settlement Class members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 14 above.

18.    The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of _____.  This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement.  The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons:  First, the Court finds that the quantifiable value of the Settlement is $310,000.  The Court therefore considers the Settlement to provide substantial benefits to the Class.  Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel.  Third, the Court concludes that the Settlement was negotiated at arms' length and without collusion.  Finally, the Court notes that the Class Notice specifically and clearly advised the Class that Class Counsel would seek an award.

19.    The Court also approves a Representative Award of $_____ for Plaintiff and specifically finds such amount to be reasonable in light of the service performed by Plaintiff and the benefit Plaintiff obtained for the Class.  This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement.

20.    Neither this Final Order of Judgment and Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any released claims.  The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Class Members, or Defendant Keeler Instruments, Inc.

21.    Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final

-6-

Order of Judgment and Dismissal. Accordingly, the Clerk is directed forthwith to enter this Final Order of Judgment and Dismissal.

DATED:_____

_____
United States District Court Judge
Hon. Cormac J. Carney