1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| RETINA ASSOCIATES MEDICAL GROUP, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEELER INSTRUMENTS, INC.,<br><br>Defendant. | Case No.: SACV 18-01358-CJC (DFMx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, this action is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*;

WHEREAS, Plaintiff Retina Associates Medical Group, Inc., ("Plaintiff") has filed a Motion for Preliminary Approval of a Class Action Settlement ("Motion") that includes a Settlement Agreement and exhibits setting forth the terms and conditions for the

settlement and release of certain claims, on a class-wide basis, against Defendant Keeler Instruments, Inc. ("Defendant"), as more fully set forth below;

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that the Settlement Agreement appears fair, reasonable, and adequate, and that the proposed plan of notice is the best notice practicable under the circumstances and consistent with Due Process and Federal Rule of Civil Procedure 23;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

## Certification of Settlement Class

1. Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the "Class" is preliminarily certified, consisting of the following class:

> All persons or business entities in the United States who from August 3, 2014, until the date of preliminary approval were sent an unsolicited telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant.

2. All people and business entities who are members of the Class are collectively the "Settlement Class" or individually a "Settlement Class Member."

3. For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representative are typical of the claims of the respective classes within the Settlement Class they seek to represent; (d) the class representative will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class

1 predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds, for purposes of settlement only, that: (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement Agreement.

4. Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff is appointed as Representative Plaintiff for the Class and Edwards Pottinger LLC and Schultz & Associates LLP are appointed as Class Counsel.

5. The foregoing determination regarding class certification is for purposes of settlement only. The Court recognizes that, under the Settlement Agreement, Defendant retains the right to dispute that a class may be certified in this case, should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement Agreement is not finally approved, and litigation resumes, this preliminary finding regarding class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

### Notice and Administration

6. The Court hereby approves of Kurtzman Carson Consultants, LLC, as claims administrator to perform the duties of the Settlement Administrator set forth in the Settlement Agreement, including providing notice to the Settlement Class, to perform such other functions and duties of the administrator as are set forth in the Settlement Agreement, and to provide such administration services as are reasonably necessary to facilitate the completion of the Settlement Agreement.

7. The Court has carefully considered the plan for notice set forth in the Settlement Agreement, including receiving briefs on the issue of the propriety of the notice. The Court finds that the form and method set forth or identified in the Settlement Agreement of notifying the Settlement Class, and the members thereof, of the Settlement and its terms and conditions constitutes the best notice that is practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and any other applicable law.

8. The Court hereby approves the form, content, and requirements of the Class Notice annexed to the Settlement Agreement as Exhibit A. The Court approves the regime for notice set forth in paragraph 12 of the Settlement Agreement. Within thirty (30) days after the Preliminary Approval Date, the Settlement Administrator shall mail the Class Notice together with the Claim Form to the Class Member List.

9. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a claim form in accordance with the instructions provided therein. The Court hereby approves as to form and content the Claim Form attached to the Settlement Agreement along with the Class Notice as Exhibit A, which shall be included in the direct notice package, and as the Claim Form attached to the Settlement Agreement. All Claim Forms must be postmarked or received by the Claims Administrator no later than ninety (90) days after Notice is mailed to the Settlement Class.

10. All costs of providing notice to the Settlement Class, processing claim forms, and administering distributions from the Settlement Fund according to a Court-approved procedure in the Final Approval Order, shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

//

## Exclusion & "Opt-Outs"

11. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against Defendant relating to the claims released pursuant to or covered by the terms of the Settlement Agreement.

12. A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than sixty (60) days after Notice is mailed to the Settlement Class, to the Claims Administrator at the address specified in the Notice. In the written request for exclusion, each Settlement Class Member must state its full name (including any business name), address, telephone number, and facsimile number. Further, the Settlement Class Member must include a statement in the written request for exclusion that it wishes to be excluded from the Settlement. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class.

13. Settlement Class Members who opt out of the Settlement will relinquish their rights to benefits under the Settlement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely request to exclude themselves from the class on or before the dates specified herein shall be bound by all terms of the Settlement Agreement and Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

14. The Claims Administrator will promptly provide all parties with copies of any opt-out requests, and Plaintiff shall file a list of all who have opted out with the Court no later than fourteen (14) calendar days prior to the Final Approval Hearing.

### Objections

15. Any member of the Settlement Class who is not excluded and who objects to the approval of the proposed settlement must file with the Court and serve on all parties a written statement with his, her, or its full name, business name, address, telephone number, facsimile number to which a subject fax was received from Defendant, all specific grounds for the objection with factual and legal support for the stated objection, the identity of any witnesses it may call to testify or exhibits it intends to introduce into evidence at the Final Approval Hearing.  A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary.  However, persons wishing to be heard orally in opposition to the approval of the Settlement Agreement, the request for attorneys' fees, or the request for a Class Representative Award are required to indicate in their written objection their intention to appear at the Fairness Hearing on their own behalf or through counsel.

16. The Court will consider comments or objections to the Settlement Agreement, the award of attorneys' fees and reimbursement of expenses, and the Class Representative Award only if such comments or objections and any supporting papers are filed in writing with the Clerk of this Court.

17. Any Settlement Class Member who does not opt out or make an objection to the Settlement Agreement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

**Final Approval Hearing**

18. The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on **December 2, 2019, at 1:30 p.m**. for the following purposes:

    (a) to determine whether the Settlement Agreement is fair, reasonable and adequate, and should be approved by the Court;

    (b) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released by the Settlement Agreement;

    (c) to consider the application for an award of attorneys' fees, costs, and expenses of Class Counsel;

    (d) to consider the application for a Class Representative Award;

    (e) to consider the distribution of the Settlement Fund under the terms of the Settlement Agreement; and

    (f) to rule upon such other matters as the Court may deem appropriate.

19. Briefs and papers in support of the final approval of the Settlement Agreement shall be filed no later than twenty-eight (28) calendar days before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Approval Order that will adjudicate the rights of the Settlement Class.

20. On or before twenty-eight (28) calendar days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; (ii) any application for award of attorneys' fees and expenses; and (iii) any application for a Class Representative Award.

21. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

22. All discovery and other pretrial proceedings in the action as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

23. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the action and Settlement Agreement, whether favorable or unfavorable.

24. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement or the Court declines to issue final approval, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this action, and shall not be used in this action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this action or in any other action in any court or other proceeding; and (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered.

25. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement Agreement.

DATED:   July 22, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE