**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| RETINA ASSOCIATES MEDICAL GROUP, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEELER INSTRUMENTS, INC.,<br><br>Defendant. | CASE NO. 8:18-cv-01358-CJC-DFM<br><br>**FINAL ORDER OF JUDGMENT AND DISMISSAL**<br><br>**Judge: Hon. Cormac J. Carney**<br>**Room: 7C** |

This matter coming to be heard on Plaintiff Retina Associates Medical Group, Inc.'s Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Class,[1] and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set forth in the Settlement Agreement.

-1-

1. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the Parties to the Action, including all Class Members.

2. The Court preliminarily approved the Settlement Agreement by the Preliminary Approval Order dated July 22, 2019, and notice was given to the Class under the terms of the Preliminary Approval Order.

3. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Class, and supporting declarations. The Court held a hearing on December 13, 2019, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement; however, no Class Members objected to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, was effectuated on July 8, 2019, and that ninety days have passed without comment or objection from any governmental entity. The Court has received no objections from any person regarding this Settlement.

4. Based on the papers filed with the Court and the presentations made to by the Parties and any other interested persons at the hearing, the Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Class. Specifically, the Court finds Class Counsel to have adequately represented the Class. Class Counsel have done adequate work in identifying or investigating potential claims in the action. They are experienced in handling class actions, having litigated more than 100 class actions under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and other complex litigation, including class actions in other areas of law. Class Counsel have demonstrated knowledge of the applicable law. They have committed resources to representing the Class and indicated that they will continue to do so as necessary, even though Defendant has agreed to pay for the costs of settlement administration. The Court also finds adequate Representative Plaintiff, Retina Associates, Inc.

5.     The relief provided for the Class, a substantial monetary payment, is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class, i.e., checks by mail, and the method of processing Class-member claims, i.e., services through a professional settlement administrator, with mailed notice, supplemental mailed notice, and online claim forms; (iii) the proposed award of attorneys' fees, which does not exceed the twenty-five percent "benchmark" established by the Ninth Circuit Court of Appeals, and the payment of such fees contemporaneously with the payments to the Class; and (iv) the terms of the Settlement Agreement, which resulted from arms'-length negotiations presided over by a neutral mediator.

6.     Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Class":

> All persons or business entities in the United States who from August 3, 2014, until the date of preliminary approval were sent an unsolicited telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant.

7.     Under Federal Rule of Civil Procedure 23, Plaintiff Retina Associates, Inc., is appointed as Representative Plaintiff for the Class and Edwards Pottinger LLC and Schultz & Associates LLP are appointed as Class Counsel.

8.     With respect to the Class, this Court finds for settlement purposes only that (a) the Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the class representatives, identified above, are typical of the claims of the Class; (d) Representative Plaintiff will fairly and adequately protect the interests of the Class; (e) the questions of law or fact common to the members of the Class predominate over the questions affecting only individual members, and (f) certification of the Class is superior to other available methods for the fair and efficient adjudication of the

controversy. The Court further finds that (a) the members of the Class have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with Class Counsels' representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Class; (c) it is desirable claims described in the Settlement Agreement are released against the Released Parties to concentrate the claims in this forum; and (d) it is unlikely that there will be difficulties encountered in administering this Settlement.

9. The Court has determined that the Class Notice given to the Class members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Federal Rule of Civil Procedure 23, and all applicable law.

10. The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement under CAFA.

11. No persons made timely and valid requests to be excluded from the Class so as not to be bound by this Final Order of Judgment and Dismissal.

12. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Class members. The Court adjudges that the released claims described in the Settlement Agreement are released against the Released Parties.

14. The Court adjudges that Plaintiff and all Class Members shall be deemed to have fully, finally and forever released and relinquished their claims against the Released Parties, as specified in the Settlement Agreement.

15. After the Effective Date, all Class Members, including Representative Plaintiff, are hereby permanently enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the releases contained in the Settlement Agreement.

16. The Court further adjudges that upon the Effective Date, the above-described release and the Settlement Agreement will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiff and all other Class Members, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and this Final Order of Judgment and Dismissal in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Action and the Settlement Class members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 14 above.

18. The Court approves payment to Class Counsel of attorneys' fees in the amount of $77,500 and $8,282.79 for costs and expenses. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement

Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the quantifiable value of the Settlement is $310,000. The Court therefore considers the Settlement to provide substantial benefits to the Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms' length and without collusion. Finally, the Court notes that the Class Notice specifically and clearly advised the Class that Class Counsel would seek an award.

19. The Court also approves a Representative Award of $5,000 for Plaintiff and specifically finds such amount to be reasonable in light of the service performed by Plaintiff and the benefit Plaintiff obtained for the Class. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement.

20. The Court also approves the requested administration costs in the amount of $43,142.74 to be paid to KCC and finds that these costs are reasonable based on the evidence presented by Class Counsel and KCC documenting the full implementation of the Notice Plan, including the provision of a supplemental direct mail notice that had been approved by the Court and the work performed to administer the Settlement.

21. Neither this Final Order of Judgment and Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any released claims. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Class Members, or Defendant Keeler Instruments, Inc.

22. The Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is directed forthwith to enter this Final Order of Judgment and Dismissal.

DATED: December 13, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT COURT JUDGE